UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARMEN GOMEZ AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED,

                      Plaintiffs,

     v.

LUTAS BEAUTY INC.,

                      Defendant.

**ORDER**

17 Civ. 8173 (ER)

---

RAMOS, D.J.

      On October 23, 2017, Carmen Gomez brought this proposed class action against Bleu Sur LLC for violation of the Americans with Disabilities Act and related claims.  Doc. 1.  On November 27, 2019, Plaintiff amended the complaint, terminating Bleu Sur LLC and adding Lutas Beauty Inc. as Defendant.  Doc. 6.  On December 5, 2019, Defendant was served.  Doc. 9.  Since then, Defendant had not appeared or responded to the complaint, and Plaintiff has not moved for default judgment.  On November 5, 2020, the Court directed the parties to submit a joint status report by November 19, 2020.  Doc. 10.  The Court specifically warned that, "[f]ailure to comply with the Court's order could result in sanctions, including dismissal for failure to prosecute."  *Id.*  Because the parties have not submitted a joint status report, and Plaintiff has not otherwise been in contact with the Court for almost a year, the Court dismisses this case for failure to prosecute under Federal Rule of Civil Procedure 41(b).

**I.    Standard**

      Courts evaluating dismissal under Rule 41(b) must consider

> (1) the duration of the plaintiff's failures,
> (2) whether plaintiff had received notice that further delays would result in dismissal,
> (3) whether the defendant is likely to be prejudiced by further delay,
> (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and
> (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

## II.   Discussion

In the instant case, each *LeSane* factor weighs in favor of dismissal. *First*, Plaintiff has not done anything to advance this case since serving Defendant in December 2019. "A delay of eight months to one year in prosecuting a case falls comfortably within the time frames found sufficient" for dismissal under Rule 41(b). *Salem v. City of New York*, No. 16 Civ. 7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (citation omitted).

*Second*, Plaintiff was given clear notice that failure to respond to Court orders could result in dismissal. The Court specifically warned, "[f]ailure to comply with the Court's order could result in sanctions, including dismissal for failure to prosecute." Doc. 10.

*Third*, "prejudice to defendants resulting from unreasonable delay may be presumed[.]" *LeSane*, 239 F.3d at 210. Because Plaintiff has failed to advance her case for the last eleven months, the Court perceives no circumstances rebutting this presumption.

*Fourth*, Plaintiff has not taken advantage of her "right to due process and a fair chance to be heard[,]" *LeSane*, 239 F.3d at 209, but "[i]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts[,]" *Honsaker v. The City of*

*New York*, No. 16 Civ. 3217 (AJN), 2020 WL 6082094, at *3 (S.D.N.Y. Oct. 15, 2020) (quoting *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000)).

*Fifth*, because Plaintiff has ignored a Court order and delayed this case for almost a year, there are no weaker sanctions that could remedy her failure to prosecute this case. Dismissal is appropriate where, as here, Plaintiff "appears to have abandoned the litigation." *Dixon v. Urbanskt*, No. 17 Civ. 1123 (PMH), 2020 WL 4347736, at *3 (S.D.N.Y. July 29, 2020); *McNair v. Ponte*, No. 17 Civ. 2976 (AT) (GWG), 2020 WL 3402815, at *7 (S.D.N.Y. June 18, 2020) (citing abandonment of claims as reason that any other sanction would be less effective).

For all of these reasons, the Court dismisses Plaintiff's case with prejudice. The Clerk of Court is respectfully directed to close the case.

It is SO ORDERED.

Dated: December 1, 2020
       New York, New York

_____
Edgardo Ramos, U.S.D.J.